**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| OSCAR BELTRAN-VAZQUEZ, ) <br> BOP ID # 46723-177,           ) <br>         Plaintiff,                    ) <br> vs.                                          ) <br>                                                ) <br> UNITED STATES OF AMERICA, ) <br>         Defendant.                 ) | <br><br><br> No. 3:14-CV-3342-N-BH <br><br><br> Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this pro se prisoner case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

**I.  BACKGROUND**

On September 3, 2014, Oscar Beltran-Vazquez (Plaintiff) filed a post-judgment motion in closed criminal case No. 3:13-CR-235-N seeking return of certain property seized in connection with his initial arrest under Fed. R. Crim. P. 41(g). (doc. 1.) By order dated September 15, 2014, the motion for return of property was construed and opened as a new civil case. (*See* doc. 2). By *Notice of Deficiency and Order* dated September 17, 2014, Plaintiff was advised that he had not submitted an *in forma pauperis* (IFP) application or paid the applicable filing fees. (*See* doc. 5.) Attached to the order were copies of the appropriate forms. *See id.* The order specifically advised Plaintiff that the forms were due within thirty days, and that a failure to timely file the completed forms could result in the dismissal of his case. *Id.* More than thirty days from the date of the order have passed, but Plaintiff has not filed an IFP application or anything else in this case.

**II.  INVOLUNTARY DISMISSAL**

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua*

*sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Plaintiff failed to comply with the September 17, 2014 order that he submit an IFP application with a certificate of inmate trust account despite a warning that failure to do so could result in dismissal of the case. He has not filed anything else in the case. Because Plaintiff failed to follow a court order or otherwise show that he intends to proceed with this case, it should be dismissed under Rule 41(b) for failure to prosecute or follow orders of the court.

### III.  RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless Plaintiff submits an IFP application with certificate of inmate trust account within the time for objecting to this recommendation, or some other deadline set by the court.

**SO RECOMMENDED on this 5th day of November, 2014.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

2

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                           IRMA CARRILLO RAMIREZ
                                                           UNITED STATES MAGISTRATE JUDGE